Colonel Robert M. Brantly Executive Director Florida Game and Fresh Water Fish Commission Farris Bryant Building 620 So. Meridian Street Tallahassee, Florida 32399-1600
Dear Colonel Brantly:
You have asked substantially the following question:
 Is the Florida Game and Fresh Water Fish Commission authorized to contract for the private publication of a public document when the publisher will pay for all printing costs of the document in return for the right to select, sell, and place advertising in the publication?
In sum:
 The Florida Game and Fresh Water Fish Commission is not authorized to contract for the private publication of a public document when the private publisher will pay all printing costs of the document in return for the right to select, sell, and place advertising in the publication as this procedure would not satisfy the competitive bidding requirements of Ch. 283, F.S.
You state that under the proposed publication plan, the public document would contain the same information as in previous years and would continue to be distributed free of charge, but the document would contain commercial advertisements. The printing and publication costs of such a document would be paid by the private publisher. The publisher would select the advertisers in accordance with the terms and conditions of the printing and publishing contract. The commission, while not actively selecting advertising, would reserve the power to reject any advertisements which are inappropriate. Presence of an advertisement in the public document would not constitute an endorsement of the product or service depicted and the commission would have no role in determining the content of the advertisement.[1] No information has been provided regarding the criteria for selecting the private publisher involved.
The Florida Game and Fresh Water Fish Commission is authorized to produce publications pursuant to s. 9, Art. IV, State Const., s. 372.021, F.S. (which provides that the commission may exercise the powers, duties, and authority granted in the State Constitution by the adoption of rules, regulations, and orders), and Rule 39-2.004(6), F.A.C. This rule provides in part that:
 The Office of Informational Services [of the commission] is responsible for the collection and dissemination of information relative to hunting, fishing and wildlife and natural resource conservation to the sportsmen and citizens of Florida and the nation. This office is also responsible for instilling in the public an awareness and an understanding of measures for conserving fishery and wildlife resources.
Chapter 283, F.S.,[2] establishes certain guidelines for public printing undertaken by state agencies.[3] This chapter provides that any agency, the authorized functions of which include public information programs, is authorized to purchase, subject to its appropriation and any other limitations imposed by law, typesetting, printing, and media distribution services, when the purchase of such services would be less costly than the performance of the same services directly by the agency or when such services are beyond the production limitations established by agency guidelines.[4] In addition, as specifically provided therein, "all public printing of the state shall be let upon contract to the lowest responsible bidder. . . ."[5]
I am not aware of, nor have you brought to my attention, any provisions of Ch. 283, F.S., which would exempt the Florida Game and Fresh Water Fish Commission from the scope of this chapter.
Further, the Legislature has established a procedure for securing the publication of public documents in Ch. 283, F.S., and it is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[6]
Therefore, it is my opinion that the Florida Game and Fresh Water Fish Commission is not authorized to contract for the private publication of a public document when the private publisher will pay all printing costs of the document in return for the right to select, sell, and place advertising in the publication. Rather, the commission must comply with the statutory scheme for publishing public documents set forth in Ch. 283, F.S.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Your letter specifically characterizes the documents involved in this request as "public documents." A "public document" is defined in s. 257.05(1), F.S., as a document, pamphlet, brochure, or other publication "that is paid for in whole or in part by funds appropriated by the Legislature and may be subject to distribution to the public. . . ." No attempt is made in this opinion to determine whether any particular document produced by the Florida Game and Fresh Water Fish Commission is a public document as defined in s. 257.05(1), F.S. Compare, AGO 73-147 (manual of instructions for tax assessors prepared by Department of Revenue not a public document); AGO 78-13 (press release by state agency not a public document); AGO 81-84 (magazine published and distributed by Florida Game and Fresh Water Fish Commission is a public document).
[2] Chapter 283, F.S., as created by s. 1, Ch. 83-252, Laws of Florida, was subject to repeal on January 1, 1989. See, s. 6, Ch. 83-252, Laws of Florida. Pursuant to s. 4, Ch. 88-32, Laws of Florida, the entire chapter shall now stand repealed on October 1, 1990.
[3] See, s. 283.30(1), F.S., defining an "Agency" as "a separate agency or unit of state government created or established by law and includes . . .: any authority, board, branch, bureau, commission, department, division, institution, office, officer, or public corporation . . . except any such agency or unit within the legislative or judicial branch of state government." (e.s.) The Florida Game and Fresh Water Fish Commission would appear to be an agency within the scope of Ch. 283, F.S., and subject to the provisions of that chapter.
[4] Section 283.43, F.S.
[5] Section 283.33, F.S.
[6] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); and Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944).